UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

OSCAR ZUBIA, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

TEXSTAR OILFIELD SERVICES LLC,

    Defendant.

No. 5:23-CV-239-H

## ORDER

The plaintiff Oscar H. Zubia sued the defendant TexStar Oilfield Services LLC (TexStar) for violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.* (collectively FLSA). Zubia alleges TexStar violated the FLSA by failing to pay overtime. Although Zubia initially filed his complaint as a collective action on behalf of similarly situated individuals (Dkt. No. 1), he filed a motion for summary judgment seeking judgment and damages on only his individual claims (Dkt. No. 35).

Because the defendant failed to respond to the motion for summary judgment and the plaintiff has provided competent evidence in support of each element of his FLSA claim, the Court grants the plaintiff's motion for summary judgment and awards the plaintiff overtime compensation, liquidated damages, post-judgment interest, and attorney's fees and costs in accordance with the evidence and applicable law. The Court also orders the plaintiff to file a separate motion as to the amount of attorney's fees and costs incurred in this case.

1.      **Factual and Procedural Background**

    A.      **Undisputed Facts[1]**

    At all relevant times, the defendant was an enterprise engaged in commerce. *See* Dkt. No. 36-1 at 7–8. The defendant employed the plaintiff as a dispatcher in connection with oilfield services for a total of 71 weeks from September 10, 2021, until February 20, 2023. Dkt. Nos. 36-1 at 6, 8; 36-2 ¶ 2.

    During his employment, the plaintiff worked over 40 hours per seven-day workweek. Dkt. Nos. 36-1 at 6–7; 36-2 ¶¶ 3–4. More specifically, the plaintiff was typically scheduled to work 12 hours per day for 10 days and then have 5 days off from work. Dkt. No. 36-2 ¶ 3. On average, the plaintiff was scheduled to work 60 hours a week. *Id.* However, because the defendant was understaffed, the plaintiff did not actually take all of his scheduled days off from work and typically worked approximately 70 hours per seven-day workweek. *Id.*

    The defendant had actual or constructive knowledge that the plaintiff was working overtime. Dkt. No. 36-1 at 7. However, the defendant paid the plaintiff a weekly[2] salary of $1,442.00 without any additional compensation for any hours the plaintiff worked in excess of 40 hours in a seven-day workweek. Dkt. Nos. 36-1 at 6; 36-2 ¶¶ 4–5. Additionally, the

---

[1] As discussed *infra*, Summary Judgment § 2.A, because the defendant failed to respond to the motion for summary judgment, the Court treats the plaintiff's factual allegations in the complaint and summary judgment evidence as undisputed. *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996). Additionally, because the defendant failed to respond to the plaintiff's requests for admission, the Court treats the matters requested as conclusively established. *See* Dkt. No. 36-1 at 6–9; *see also infra*, Deemed Admissions § 2.B.

[2] The evidence conflicts as to whether the plaintiff received $1,442.00 on a weekly or biweekly basis. *Compare* Dkt. No. 36-1 at 6, *with* Dkt. No. 36-2 ¶ 4. However, in response to the Court's request, the plaintiff clarified that he was paid a weekly salary of $1,442.00 and provided a paystub verifying this amount. *See* Dkt. Nos. 39 at 1; 39-1 at 1.

defendant did not keep accurate records of the amount of time the plaintiff worked each workweek. Dkt. No. 36-1 at 7.

### B. Procedural Background

The plaintiff filed suit on October 10, 2023. Dkt. No. 1. After multiple extensions, the defendant answered in February 2024. Dkt. No. 12. In May 2024, the plaintiff served written discovery on the defendant, including requests for admission. Dkt. Nos. 36-1; 36-3 at 5. The defendant failed to respond to the requests for admission. Dkt. No. 35 at 3; *see also* Dkt. No. 36-3 at 2–5. In October 2024, the defendant's counsel moved to withdraw, but the Court denied the request. Dkt. No. 26.

After an unsuccessful mediation, the plaintiff filed his motion for summary judgment on January 17, 2025, based on the defendant's deemed admissions as well as his own declaration. Dkt. Nos. 35–36. As of the date of this Order, the defendant has failed to respond or otherwise contact the Court. The deadline to respond has long-passed, *see* Loc. Civ. R. 7.1(e), and the motion is now ripe for review.

## 2. Legal Standards

### A. Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists if a reasonable jury could enter a verdict for the non-moving party." *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 358 (5th Cir. 2020). The moving party "bears the initial responsibility of demonstrating the absence of a genuine issue of material fact," *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (cleaned up) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), and "identifying those portions of [the record] which it believes demonstrate [that] absence."

*Celotex Corp.*, 477 U.S. at 323. In evaluating a summary-judgment motion, the Court draws all reasonable inferences in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018).

"If the moving party fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)). If the movant meets its initial burden, the nonmovant must identify specific evidence in the record and articulate how the evidence supports its claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014); *see also* Fed. R. Civ. P. 56(c)(1)(A). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

However, the Court cannot grant summary judgment based solely on a nonmoving party's failure to respond. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Even so, "[a] summary judgment nonmovant who does not respond to the motion is relegated to h[is] unsworn pleadings, which do not constitute summary judgment evidence." *Id.* (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In the event of a failure to respond, the Court can treat the moving party's factual allegations and evidence as undisputed. *Bookman*, 945 F. Supp. at 1002; *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]").

B.  **Deemed Admissions**

Federal Rule of Civil Procedure 36 allows parties to serve upon each other "a written request to admit . . . any matters within the scope of [discovery] relating to . . . facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1). If a party fails to timely respond to the serving party with written answers or objections to the requests, the Court automatically deems the matter admitted. *Id.* 36(a)(1)(3). "A matter admitted under this rule is conclusively established" for purposes of the litigation absent a motion to amend or withdraw the admission. Fed. R. Civ. P. 36(b). "This conclusive effect applies equally to those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim." *Veroblue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 415 (N.D. Tex. 2021) (quoting *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991)).

3.  **Analysis**

A.  **The Court declines to treat this suit as an FLSA collective action.**

As a threshold matter, the Court notes that the plaintiff originally filed his complaint as an FLSA collective action "individually and on behalf of all others similarly situated." Dkt. No. 1. Beyond the complaint, the plaintiff has not pursued the collective action and seeks summary judgment on only his individual claims. *See generally* Dkt. No. 35.

The Court has "broad, litigation-management discretion" when deciding whether a case should proceed on a collective basis. *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 443 (5th Cir. 2021). And the plaintiff bears the burden of proving additional plaintiffs are similarly situated enough to warrant a collective action. *Id.* Because the plaintiff no longer appears to seek damages on behalf of a collective nor provides any evidence of

similarly-situated individuals, the Court determines that the plaintiff has "not met [his] burden of establishing similarity" and evaluates only his individual FLSA claims. *See id.* at 443 & n.65.

### B. The Court grants summary judgment on the plaintiff's FLSA claim.

The Court concludes that the plaintiff has submitted competent evidence of each element of his FLSA claim and awards the plaintiff: (1) $153,551.70 in overtime compensation and liquidated damages, (2) post-judgment interest, and (3) attorney's fees and costs.

#### i. Liability

With respect to overtime compensation, the FLSA provides, in relevant part, that:

> [N]o employer shall employ any of his employees who . . . is employed in an enterprise engaged in commerce . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). An employee suing under this provision must prove: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

With respect to liability, the plaintiff has provided undisputed evidence of all elements of his claim. First, the defendant has admitted that an employer-employee relationship existed with the plaintiff during the period of employment for which the plaintiff claims he worked unpaid overtime. Dkt. Nos. 36-1 at 6; 36-2 ¶ 2.

Next, the defendant has admitted that the plaintiff was engaged in covered activities—that is, that he was employed as a dispatcher for the defendant, who was an enterprise "engaged in commerce." *See* Dkt. No. 36-1 at 6–8; *see also* 29 U.S.C. §§ 203(s)(1)(A), 207(a)(1). The FLSA defines an "enterprise engaged in commerce" as one that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has at least $500,000 in gross sales. *Id.* § 203(s)(1)(A). By failing to respond to the requests for admission, the defendant has admitted these facts. Dkt. No. 36-1 at 7–8.

Third, the defendant has admitted that the plaintiff worked over 40 hours in each workweek in the relevant time period and that the defendant did not provide the time-and-one-half overtime compensation required by the FLSA. *See id.* at 6–8.

And, finally, the plaintiff has proven the amount of compensation due. It is undisputed that the defendant failed to keep accurate records of the number of hours the plaintiff worked during any workweek in the relevant time period. *Id.* at 7. "Where an employer has failed to maintain accurate payroll records, an employee carries his burden to establish a *prima facie* case under the FLSA if he shows he performed work for which he was improperly compensated and produces some evidence to show the amount and extent of that work 'as a matter of just and reasonable inference.'" *Albanil v. Coast 2 Coast, Inc.*, 444 F. App'x 788, 806 (5th Cir. 2011) (emphasis in original) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). Once the plaintiff establishes a prima facie case, the employer has the burden to "come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from

the employee's evidence." *Johnson*, 758 F.3d at 630 (quoting *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005)). In his declaration, the plaintiff states that he worked for the defendant for 71 weeks. Dkt. No. 36-2 ¶¶ 3. The plaintiff also states that his "set schedule was to work a twelve-hour day for 10 days straight" followed by "5 days off." *Id.* Put another way, the plaintiff was scheduled to work 120 hours over a period of 15 days. According to the plaintiff, for the 71 weeks he was employed by the defendant, his scheduled workweek was approximately 60 hours, but he worked, on average, 70 hours. *Id.* "For [his] work, [he] received a weekly salary in the amount of $1,442." *Id.* ¶ 4; *see also* Dkt. No. 39-1 at 1. Thus, the plaintiff has provided "some evidence" of the amount of work for which he was unjustly compensated. *Cf. Montoya Garcia v. Overnight Cleanse, LLC*, No. 3:18-CV-3386, 2021 WL 902494, at *6 (N.D. Tex. Jan. 22, 2021) (collecting cases where courts, in the default judgment context, have found plaintiffs' declarations sufficient proof to establish overtime compensation for FLSA violations). The defendant has not responded or otherwise come forward with any evidence to dispute this amount. Thus, the defendant has failed to meet its burden, and the plaintiff has established the fourth element of his claim.

Accordingly, the Court finds that the plaintiff has submitted undisputed evidence in support of his FLSA claim for unpaid overtime compensation and grants summary judgment in his favor.

### ii. Damages

Next, the Court finds that the defendant is liable to the plaintiff for $76,775.85 in unpaid overtime compensation, $76,775.85 in liquidated damages, post-judgment interest, and attorney's fees and costs.

### a.    Overtime Compensation

Once liability is established, the appropriate method by which to calculate the total amount of overtime pay due the plaintiff is a question of law. *Black v. SettlePou, P.C.*, 732 F.3d 492, 496 (5th Cir. 2013). For a salaried employee, overtime may be calculated by using (1) the standard method, whereby the amount of overtime pay per hour is one and one-half times the employee's regular hourly rate of pay, or (2) the fluctuating workweek (FWW) method, whereby the amount of overtime pay per hour is only one-half of the employee's regular hourly pay rate. *Id.*

The FWW method is typically applied when the parties entered into an employment arrangement whereby the employee received a fixed weekly pay for a fluctuating work schedule that resulted in a varied number of hours worked per week. *Id.* "The fluctuating workweek method may be applied only where the employee 'clearly understands' that [his] salary is intended to compensate any *unlimited* amount of hours [he] might be expected to work in any given week—as the CFR puts it, 'whatever hours the job may demand in a particular workweek.'" *Hills v. Entergy Operations, Inc.*, 866 F.3d 610, 616 (5th Cir. 2017) (emphasis in original) (quoting 29 C.F.R. § 778.114(c)).

The plaintiff provides undisputed evidence in his declaration that he and the defendant never agreed that he would be paid on the fluctuating workweek method—that is, that he never agreed that the $1,442 weekly compensation covered all hours worked in a week, regardless of the number. Dkt. No. 36-2 ¶ 5. Thus, the Court determines that the standard method applies, and any overtime pay per hour due to the plaintiff is one and one-half times his regular hourly pay rate.

Next, the Court must determine the plaintiff's hourly pay rate. "'Calculation of the correct regular rate is the linchpin of the FLSA overtime requirement'—an often tricky calculation that the Supreme Court has called 'perplexing.'" *Hills*, 866 F.3d at 614 (first quoting *O'Brien v. Town of Agawam*, 350 F.3d 279, 294 (1st Cir. 2003); then quoting *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 448 (1948)). The Fifth Circuit often references the regulations promulgated by the Wage and Hour Division of the Department of Labor that give formulas and examples of calculating the pay rate and, accordingly, so does this Court. *See id.* (citing 29 C.F.R. §§ 778.107–.122).

For employees receiving a weekly salary, "the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate." 29 C.F.R. § 778.113. The number of hours a salary is intended to compensate is a question of fact. *Ransom v. M. Patel Enters.*, 734 F.3d 377, 381 (5th Cir. 2013). In *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003), the Fifth Circuit determined how many hours firefighters' salaries were intended to compensate by looking to the parties' course of conduct. *See id.* at 824–25. Because the firefighters had, over the course of years, accepted fixed, biweekly paychecks for a scheduled number of hours, the court found that the paycheck was intended to cover all of the "regularly scheduled (non-overtime and overtime) hours." *Id.* at 825.

Using this model, the Court finds that the plaintiff's weekly paycheck was intended to compensate him for 60 hours of work. Although the plaintiff does not submit evidence that directly states the number of hours his weekly paycheck was intended to cover, he does state his "set schedule." *See* Dkt. No. 36-2 ¶ 3. According to the plaintiff, his "set schedule was to work a twelve-hour day for 10 days straight, then [he] would have 5 days off.

Accordingly, [h]e was scheduled to work a 60-hour workweek, on average." *Id.* The plaintiff further declares that he accepted weekly paychecks of $1,442 for his work and provides a paystub to this effect. *Id.* ¶ 4; *see also* Dkt. No. 39-1 at 1. Thus, the plaintiff's regular rate of pay is his weekly salary of $1,442 divided by his scheduled 60 hours per week, which equals $24.03 per hour.

Then, in applying the standard method for calculating overtime compensation, the Court must determine how many hours the plaintiff worked in excess of 40 each workweek and award the plaintiff one-and one-half times his regular rate for those hours. 29 U.S.C. § 207(a)(1). Thus, the Court concludes that the plaintiff is entitled to one and one-half times his regular hourly pay rate ($24.03 * 1.5 = $36.045) multiplied by the 30 hours a week of overtime for which he was not compensated ($36.045 * 30 = $1,081.35 per week) for a period of 71 weeks ($1,081.35 * 71 = $76,775.85). Hence, the Court finds that the plaintiff is entitled to damages for overtime compensation in the amount of $76,775.85.

### b. Liquidated Damages

In addition to unpaid overtime compensation, an employer who willfully violates Section 207 of the FLSA is liable for liquidated damages equal to the unpaid overtime compensation. *See* 29 U.S.C. § 216(b); *see also Singer*, 324 F.3d at 822. "[C]onduct is willful if the employer either 'knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute." *Cruz v. Maverick Cty.*, 957 F.3d 563, 572 (5th Cir. 2020) (quoting *Singer*, 324 F.3d at 821). "Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith." *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999).

The defendant has produced no evidence to show that it acted in good faith. Instead, by failing to respond to the requests for admission, the defendant admits that it acted knowingly when violating the overtime provisions of the FLSA. *See* Dkt. No. 36-1 at 7. Accordingly, the Court also awards the plaintiff $76,775.85 in liquidated damages.

c.   **Post-judgment Interest, Legal Fees, and Costs**

Finally, the plaintiff seeks post-judgment interest, legal fees, and costs. Dkt. No. 35 at 13–14. "[P]ost-judgment interest [pursuant to 28 U.S.C. § 1961] is permitted for damages awarded under the FLSA." *Patterson v. O'Bar Wrecker Serv., LLC*, 685 F. Supp. 3d 387, 401 (N.D. Tex. 2023) (Hendrix, J.) (quoting *Olibas v. Native Oilfield Servs., LLC*, 104 F. Supp. 3d 791, 796 (N.D. Tex. 2015)). As such, the Court grants this request.

"[A]n employer who violates the [FLSA] is also required to pay attorney's fees." *Black*, 732 F. 3d at 502; *see also* 29 U.S.C. § 216(b). The Court also grants the plaintiff's request for attorney's fees and costs. The plaintiff must submit a separate motion as to the amount of legal fees and costs due.

4.   **Conclusion**

In sum, the Court concludes that no genuine issue of material fact remains as to whether the defendant violated Section 207 of the FLSA governing overtime wages, and the Court grants the plaintiff's motion for summary judgment (Dkt. No. 34). The Court concludes that the defendant is liable to the plaintiff and orders the defendant to pay the plaintiff $153,551.70, which comprises unpaid overtime compensation and liquidated damages. The Court further concludes that the plaintiff is entitled to post-judgment interest from the date of the judgment. Finally, the Court concludes that the defendant is liable for

the plaintiff's attorney's fees and costs, and the Court orders the plaintiff to submit a separate motion seeking and specifying these amounts.

So ordered on May 13, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE