UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| Oscar H. Zubia, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action 5:23-cv-00239-H |
| TexStar Oilfield Services LLC, | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S UNOPPOSED MOTION FOR ENTRY OF ATTORNEYS' FEES AND COSTS PURSUANT TO THE FAIR LABOR STANDARDS ACT**

Plaintiff Oscar H. Zubia files this Motion for Entry of Attorneys' Fees and Costs Pursuant to the Fair Labor Standards Act (the "Fee Petition"), respectfully showing in support as follows.

## I.    INTRODUCTION

On May 13, 2025, this Court entered summary judgment against Defendant TexStar Oilfield Services LLC ("TexStar" or "Defendant"). (ECF No. 40.) On June 20, 2025, this Court ordered submission of this Fee Petition. Accordingly, Plaintiff now submits his attorneys' billing records and records of the taxable court costs to be entered in this case. Plaintiff seeks that the Judgment entered in this case include attorneys' fees in the base amount of $15,000.00 and costs in the amount of $759.00.

## II.    ARGUMENT AND AUTHORITY

**A.    Prevailing Plaintiffs in FLSA Cases Are Entitle to Reasonable Attorneys' Fees and Costs.**

Prevailing plaintiffs in FLSA are entitled to their reasonable attorneys' fees and costs. *Steele v. Leasing Enters, Ltd.*, 826 F.3d 237, 249 (5th Cir. 2016) ("Although the district court has discretion to determine what is reasonable, the court does not have discretion to decline to award

1

attorney's fees to a prevailing [plaintiff] without making such a determination"). Plaintiffs seeking fees have the burden of demonstrating the reasonableness of the fees that they seek. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013).

Courts in the Fifth Circuit use the "lodestar" method to calculate attorneys' fees to be entered post-trial (*i.e.*, "multiplying the hours an attorney reasonably spent on the case by an appropriate hourly rate"). *Id.* (quoting *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). As a result, plaintiffs must demonstrate that (1) the billing rate sought by their attorneys is in line with the market rate in the community for such work; and (2) that their attorneys exercised billing judgement. *Id.* (citing *Saizan v. Delta Concrete Prod. Co*, 448 F.3d 795, 799 (5th Cir. 2006).

Thereafter, courts apply the "*Johnson* factors[1]" to determine whether counsel's performance requires an upward or downward adjustment. *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974) *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). However, "[t]here is a strong presumption of the reasonableness of the lodestar amount." *Id.* (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). The lodestar may not be adjusted based on a *Johnson* factor if that was already addressed in the first stage assessment of the lodestar. *Black*, 732 F.3d at 503 (citing *Saizan*, 448 F.3d at 800).

B.     **Counsel's Lodestar Is Reasonable.**

Plaintiff submits the lodestar of his counsel as follows:

---

[1]    The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee [for similar work in the community]; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19.

### 1.      Counsel Exercised Billing Judgment.

Plaintiffs' counsel provide detailed billing records containing the time spent on various tasks in this case, and detailed descriptions of those tasks. (Ex. A-3 (Billing Records).) Counsel endeavored not to bill for duplicative work, and to only bill for time spent in the service of the best interest of the client. *See Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 262-63 (5th Cir. 2018) (Ho, J., concurring). The hours submitted in this case are clearly reasonable. Furthermore, Plaintiff's counsel have not submitted records of billable activity from paralegals and staff as a matter of billing judgment.

### 2.      <u>Counsel Seek Approval of Reasonable Billing Rates.</u>

As demonstrated in counsel's declaration, the rate sought by counsel is reasonable in this market for FLSA cases. (*See* Ex. A, (Arbuckle Decl., ¶¶ 7-9); Ex. A-2 (Bustos Decl., ¶ 8).)

This case was prosecuted predominantly by one partner level attorney with over ten years of experience. Counsel has attached evidence of her rate in billable matters and the declaration of an attorney who frequently practices in this market with respect to his opinion that the billable rate sought by counsel is reasonable. (*Id.*)

Consequently, counsel has submitted sufficient evidence to meet the burden to demonstrate that the rates they seek are reasonable. *See, e.g.*, *Clark v. Centene Corp.*, No. A- 12-CA0174-SS, 2015 WL 6962894, at *8  (W.D. Tex. Nov. 10, 2015) (considering declarations of other attorneys practicing in the area to support rates requested by attorneys seeking fees in FLSA  case). Accordingly, counsel's request for legal fees in the base amount of $15,000.00 is reasonable.

### C.      The *Johnson* Factors Do Not Require an Upward or Downward Departure from the Lodestar.

Once the Court has determined the appropriate lodestar, it considers the *Johnson* factors to determine if an upward or downward adjustment is merited. To enhance a lodestar, the court

"must explain with a reasonable degree of specificity the findings and reasons upon which the award is based, including an indication of how each of the *Johnson* factors was applied." *Carroll Sanderson Farms, Inc.*, No. CIV.A. H-10-3108, 2014 WL 549380, at *10 (S.D. Tex. Feb. 11, 2014) (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 321 (5th Cir. 1993)). "Of the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Id.* (citing *Migis v. Pearle Vision,* 135 F.3d 1041, 1047 (5th Cir. 1998)).

Here, Plaintiff does not seek, nor do the *Johnson* factors support, a departure from the lodestar.

### 1. The Time and Labor Required in this Case Is Reflected in the Lodestar.

Here, the time and labor required to litigate was not extensive. Defendant did not vigorously contest the litigation, but Plaintiff's counsel also had to exert some effort to gain Defendant's compliance with its discovery obligations. All of these efforts are reflected in the lodestar.

### 2. The Case Was Not Particularly Complicated as a Single Plaintiff FLSA Case with Admitted Liability.

This case did not provide a significant challenge to litigate, and this is reflected in the relatively low lodestar sought by Plaintiff's counsel given the case proceeded over a year and a half. Plaintiff was required to seek summary judgment, but the briefing was neither particularly difficult nor extensive given Defendant's admissions. All of this is reflected in the relatively modest lodestar Plaintiff's counsel presents.

### 3. The Case Required Moderate Skill to Prosecute Correctly.

Although the case was relatively simple, it still required competent counsel with subject matter expertise to prosecute correctly. Most FLSA cases are tried by specialized practitioners

who do not handle other types of work. Still, given Defendant's admissions, this *Johnson* factor is neutral.

**4.    Counsel Was Not Substantially Restrained from Other Employment Due to the Relatively Low Burden of Litigating this Case.**

Although Plaintiff's counsel spent an appropriate amount of time proceeding this case to resolution, there was no significant restriction on counsel's opportunity for other representation. Again, this is a neutral *Johnson* factor.

**5.    Given Counsel's Representation of Plaintiff on a Contingency Fee Basis, There Is No Guarantee of Payment.**

Courts routinely find multipliers appropriate in FLSA cases, such as this, where plaintiffs' counsel works on a contingency-fee basis. *See, e.g., Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (stating "a multiplier near 2 should, in most cases,be sufficient compensation for the risk associated with contingent fees in FLSA cases."); *Murillo v. Pac. Gas & Elec. Co.*, No. 2:08-1974 WBS GGH, 2010 WL 2889728, at *12 (E.D. Cal. July 21, 2010) (awarding 1.5 lodestar multiplier in FLSA case taken on a contingent fee basis that involved complex issues in calculating the overtime wages owed). Here, Plaintiffs' counsel does not seek a multiplier even in light of the caselaw supporting the same in light of a contingency fee arrangement and where, in all likelihood, Defendant will never pay the judgment taken against it.

**6.    Plaintiff's Counsel Obtained a Favorable Result.**

The most important factor in the analysis of the *Johnson* test is the result obtained by counsel. *Black*, 732 F.3d at 503. Plaintiff's counsel has obtained a full judgment against Defendant for Plaintiff, accepting the risk of a zero-dollar recovery to ensure that Plaintiff's judgment reflected all of his due and owing overtime wages, and liquidated damages. This is a favorable

result which makes Plaintiff a prevailing plaintiff under the FLSA. Still, Plaintiff's counsel does not seek enhancement under the *Johnson* factors given the favorable result.

**D.      Plaintiff Seeks Appropriate Statutory Costs.**

Plaintiffs may recover appropriate statutory costs including filing fees, witness fees, court reporting/transcript fees, necessary copying costs, and interpreting services. 28 U.S.C. § 1920. *See also, e.g.*, *Hernandez v. Aleman Constr., Inc.*, No 3:10-cv-2229-BN, 2013 WL 5873289, at *6-7 (N.D. Tex. Nov. 1, 2013). Plaintiffs may also recover reasonable litigation expenses including costs for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment litigation expenses, which are also recoverable under the FLSA as part of an attorney's fee award. *See Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 630 (W.D. Tex. 2015) (citing *Hilton v. Exec. Self Storage Assocs.*, No. H-06-2744, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009)); *Quintanilla v. A & R Demolition Inc.*, No. H-04-1965, 2008 WL 9410399, at *9 (S.D. Tex. May 7, 2008); *Chapman v. A.S.U.I. Healthcare & Dev. Or.*, No. CIV.A. H–11–3025, 2013 WL 487032, at *8 (S.D. Tex. Feb. 6, 2013) *aff'd sub nom. Chapman v. A.S.U.I. Healthcare & Dev. Ctr.*, 562 Fed. App'x 182 (5th Cir. 2014).

Here, Plaintiff requests the judgment entered in this case include costs in the amount of $759.00 for filing and service fees. (*See* Ex. B.) Accordingly, these reasonable and necessary costs should be properly entered against Defendant.

### III.      CONCLUSION AND PRAYER

As a prevailing plaintiff under the FLSA, Plaintiff is entitled to an award of reasonable legal fees and costs in connection with the favorable order adjudging damages against Defendant. For the foregoing reasons, Plaintiffs and counsel request entry of attorneys' fees in the base amount

of $15,000.00, and costs in the amount of $2,624.33, in addition to post-judgment interest at the prevailing rate. *See* 28 U.S.C. § 1961(a). Plaintiff requests such other and further relief to which he is justly entitled.

Dated: June 25, 2025                    Respectfully submitted

            By:  s/Melinda Arbuckle
               Melinda Arbuckle
               State Bar No. 24080773
               marbuckle@wageandhourfirm.com
               5050 Quorum Drive, Suite 700
               Dallas, Texas 75254
               (214) 489-7653 – Telephone
               (469) 319-0317 – Facsimile

             ATTORNEY FOR PLAINTIFF

**<u>CERTIFICATE OF CONFERENCE</u>**

On June 23, 2025, I conferred with counsel for Defendant regarding the relief requested in this Motion. On June 25, 2025, Counsel for Defendant indicated that Defendant is unopposed to the relief requested herein.

             s/Melinda Arbuckle
             Melinda Arbuckle

**<u>CERTIFICATE OF SERVICE</u>**

On June 25, 2025, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Northern District of Texas using the CM/ECF method. I certify that all counsel of record were served electronically thereby.

             s/Melinda Arbuckle
             Melinda Arbuckle