# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| Oscar H. Zubia, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TexStar Oilfield Services LLC,<br><br>Defendant. | § § § § § § § § § § § | Civil Action 5:23-cv-00239-H |

## DECLARATION OF MELINDA ARBUCKLE

My name is Melinda Arbuckle—counsel for Plaintiff in the above-captioned case. I am over 21 years of age and the statements contained in this declaration are true and correct of my own personal knowledge. I am competent to testify concerning the statements in this declaration, which are provided in support of Plaintiff's Motion for Attorneys' Fees and Costs in the above-captioned case. I hereby declare as follows:

### I.     BIOGRAPHICAL INFORMATION

1.     "I am a founding partner of Wage and Hour Firm, a law firm dedicated to prosecuting claims under the federal Fair Labor Standards Act ("FLSA") and related state laws. I maintain an almost 100% federal practice (pursuing some claims in arbitration).

2.     I am an attorney in good standing and admitted to practice law in the States of Texas and California, before the Fifth Circuit (where I have presented oral argument) and the Ninth Circuit, as well as in all federal district courts in California and Texas, District of Colorado, District of New Mexico, Western District of Arkansas, Northern District of Ohio, Western District of Oklahoma, Southern District of Illinois, District of North Dakota, and Eastern District of Missouri. I have prosecuted wage and hour cases in each of those jurisdictions.

3.      I earned my Juris Doctor from Southern Methodist University, Dedman School of Law, in 2011. After graduation, I worked for Baron & Budd, P.C. in Dallas, Texas as an associate attorney, then completed a clerkship with Judge W. Royal Furgeson, who was then sitting by designation in the Northern District of Texas. Afterward, I pursued my own practice litigating debt collection and family law cases in state courts in Texas.

4.      In March of 2015, I returned to Baron & Budd, P.C. to work with Allen R. Vaught in the firm's Labor and Employment Department. Mr. Vaught had developed a significant presence in labor and employment litigation, not only in the State of Texas but nationwide. There I prosecuted many FLSA cases alongside Mr. Vaught and independently.

5.      In September of 2019, I departed from Baron & Budd, P.C. to work at Shellist Lazarz Slobin, LLP, a boutique labor and employment firm in Houston, Texas. I was named a partner of the firm in July 2021.

6.      In November of 2022, my partner Ricardo J. Prieto and I formed Wage and Hour Firm, which is dedicated to helping real people resolve their wage payment issues with their employers. It is a 100% plaintiff-side practice.

## II.      BILLING RATE

7.      In 2016, while still an associate attorney, the Honorable Jane J. Boyle sitting in the Northern District of Texas approved my billable rate at $295 per hour. *See Aguayo v. Bassam Odeh, Inc.*, No. 3:13-CV-2951-B, 2016 WL 7178967, at *16 (N.D. Tex. Dec. 8, 2016). I have since been named a partner at SLS, opened my own practice with my partner, gained significant skill and experience, and practice at the highest levels independently.

8.      My rate has increased since 2016, and I currently bill at a rate of $500 for non-contingency legal work. Although I typically perform work on a contingency fee basis, I have

billed at this rate. (*See* **Ex. 1**, Redacted Fee Agreement.) The billing arrangement reflected in the Exhibit was for work performed in federal court in the Southern District of Texas. Still, I will only seek a billing rate of $400.00 per hour in this case.

9.      Also submitted with this declaration is the Declaration of Fernando Bustos, a highly qualified attorney who practices law in this community and has testified his opinion as to the reasonableness of my billing rate. (*See* **Ex. 2**, Declaration of Fernando Bustos.)

### III.    TIME AND LABOR REQUIRED TO PROSECUTE PLAINTIFF'S CLAIMS

10.      I have worked on this case from its inception, from the point of filing the complaint through discovery, mediation, and briefing summary judgment, including the filing of the motion for attorney's fees. I was primarily responsible for all aspects of this case, and each billable event is reflected in my billing records. (*See* **Ex. 3**, Arbuckle Lodestar.)

11.      As a matter of billing judgment, I have not submitted billing records on behalf of my paralegal. This does not mean that relevant and appropriate work was not delegated—it was so delegated to avoid the imposition of high legal fees upon Defendant regarding administrative work and even basic legal work. Rather, as a matter of billing judgment, I have elected to discount all paralegal work to Defendant's benefit.

12.      All work completed in this case was reasonable and necessary to achieve the judgment obtained in this case.

### IV.    REQUESTED FEE AND LODESTAR CALCULATION

13.      As shown in the attached billing records, I have spent 37.5 hours working on this case since its inception. Multiplying those hours by my reasonable billing rate of $400.00 results in my proposed fee of $15,000.00. (*See* **Ex. 3**, Arbuckle Lodestar.)

## V.    FAVORABLE OUTCOME FOR PLAINTIFF DOES NOT MERIT A REDUCTION IN LODESTAR

14.    It should be noted that Plaintiff received a favorable result from this lawsuit. The judgment entered against Defendant awards full backpay and liquidated damages, and due to the entry of attorneys' fees, Plaintiff will likely owe no additional contractual contingency fees to counsel.

15.    My fees are reasonable in light of the work I completed on Plaintiff's behalf. There is no basis for a downward departure from the lodestar I see.

16.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."


EXECUTED ON June 23, 2025 in Collin County, Texas.


_____
MELINDA ARBUCKLE

# EXHIBIT 1

# SLS SHELLIST | LAZARZ | SLOBIN
## EMPLOYMENT LAW TRIAL LAWYERS

11 GREENWAY PLAZA, SUITE 1515, HOUSTON, TEXAS 77046 | TEL: 713-621-2277 FAX: 713-621-0993 | WWW.EEOC.NET

October 14, 2021

*Via Email to:*

Re:    Attorney-Client Agreement - Services by SLS

Dear Mr.         :

As part of **SHELLIST | LAZARZ | SLOBIN LLP**'s regular procedure in establishing a client relationship, we would like to take this opportunity to set out the specific terms of our relationship, and we request that you acknowledge your receipt and understanding of this letter by signing and returning the original to our office at your earliest convenience.

## SCOPE OF ENGAGEMENT

You have requested that we represent you and your company,                                    (the "Company") in connection with matters related to

, and on such additional matters as you, from time to time, request on an as-needed basis. To make the mechanics as smooth as possible, we will rely on your verbal requests for our services. However, we may, from time to time, desire to clarify certain representation, such as representation involving certain litigation matters, in writing.

## COOPERATION

To enable us to render effectively the legal services contemplated, you agree to disclose fully and accurately all facts and keep us informed of all developments relating to this matter. We must rely on the accuracy and completeness of the facts and information you provide to us.

## FEES

Our fees are based on the time spent by the lawyers, law clerks, and legal assistants who work on the matter. We will charge you for all time spent in representing the Company, including, by way of illustration, telephone and office conferences with you and/or other designees of the Company, consultants (if any), opposing counsel (if any), and others; conferences among our lawyers, law clerks, and legal assistants; factual investigation; legal research; responding to your requests for us to provide information to you; and drafting letters and other documents. Billing rates for our attorneys vary according to the experience of the individuals. Our current billing rates for those attorneys expected to work on your matter range from $90.00 an hour for a law clerk or paralegal to $500.00 an hour for Melinda Arbuckle to $550.00

**Client Initials**

an hour for Todd Slobin. Billing rates for attorneys, law clerks, and legal assistants are, from time to time, reviewed and adjusted on a firm-wide basis. In addition, we will require an initial retainer in the amount of $10,000.00. Where $5,000 of fees will be deducted as they are incurred and a one-time non-refundable retainer fee of **$5,000.00** to obtain the services of Attorneys. Any unused amount from remaining retainer monies at the conclusion of our representation will be refunded to the Company. We may request that the Company replenish this retainer when it is close to getting exhausted so as to cover any additional future fees and expenses. Any replenishment of the retainer that is requested will be for a minimum of $2,500.00 increments and may be increased subject to the nature of work that you ask us to perform.

### OTHER CHARGES

In addition to fees, there will be other charges for items incident to the performance of our legal services, such as photocopying, messengers, travel expenses, long-distance telephone calls, facsimile transmissions, postage, overtime for secretaries and other non-legal staff, specialized computer applications such as computerized legal research, and filing fees. Unless special arrangements are made, fees and expenses of others (such as experts, investigators and consultants) will be the responsibility of, and billed directly to, the Company.

### BILLING CYCLE

Our billing rates are based on the assumption of prompt payment. Consequently, unless other arrangements are made, fees for services and other charges will be billed monthly and are payable upon receipt. You are encouraged to review our statements and discuss any questions with us you may have concerning the level of activities and the nature of services rendered. One of the reasons we submit statements on a monthly basis is so that you will have a ready means of monitoring and controlling the expenses you are incurring. If you believe the expenses are mounting too rapidly, you should contact us immediately so that we can assist you in evaluating future alternatives. When we do not hear from you, we will assume that you approve of the overall level of activity on our part on the Company's behalf.

### COST ESTIMATES

Although we may from time to time, at your request, furnish estimates of the legal fees and other charges that we anticipate will be incurred in connection with various phases of representation, please note that these estimates are by their nature inexact (due to unforeseeable circumstances) and, therefore, the actual fees and charges ultimately billed may vary from such estimates.

### CONFLICTS

Our representation of the Company in this matter includes commitments by us (i) not to take a position adverse to the Company in matters for which we have been engaged as outlined in this letter or in any matter which is substantially related to our representation of the Company in this matter, and (ii) not to misuse any confidential information you or other designees of the Company may furnish us. Because of the broad base of clients which the Firm represents on a variety of legal matters, it is possible that the Company may find itself in a position adverse to another Firm client in litigation, legislative or regulatory proceedings, business negotiations, or some other legal matter unrelated to our representation of your interests in the current matter. Given that possibility, we wish to be fair not only to the Company's interests, but to those of our other clients as well. Consequently, this letter sets forth our commitment not to take a position adverse to the Company in the matter outlined in this letter or any matter which is substantially related to our representation of the Company and your agreement with respect to the areas in which the Firm is free to take such an adverse position. In representing the Company, we recognize

**Client Initials**

that we shall be disqualified from representing any other client directly adverse to the Company in the matters outlined in this letter or in any matter which is substantially related to our representation of the Company in this matter. Likewise, we shall be disqualified with respect to any matter where there is a reasonable probability that confidential information you and/or the Company's designee furnishes to us could be used to the Company's disadvantage.

## WITHDRAWAL OR TERMINATION

Our relationship may be terminated by either of us at any time by written notice to the other. We reserve the right to withdraw from our representation if, among other things, you and/or the Company should fail to honor the terms of this engagement letter or fail to cooperate or follow our advice on a material matter, or if any fact or circumstance would, in our view, render our continuing representation unlawful, unethical, or ineffective. If we elect to withdraw for any reason, you will take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to complete our withdrawal, and we will be entitled to be paid for all services rendered and other charges accrued on the Company's behalf to the date of withdrawal.

## CLIENT DOCUMENTS

We will maintain any documents you furnish to us in our client file (or files) for this matter. At the conclusion of the matter (or earlier, if appropriate), it is your obligation to advise us as to which, if any, of the documents in our files you wish us to turn over. We will retain any remaining documents in our files for a certain period of time, generally no more than one (1) year, and ultimately destroy them in accordance with our records retention program then in effect.

## OTHER

If the foregoing correctly reflects your understanding of the terms and conditions of our representation of the Company, please so indicate by executing this letter in the space provided below, and returning same to us, along with your retainer payment of $10,000.00.

Please do not hesitate to contact me if you have any questions. We are pleased to have this opportunity to be of service, and we look forward to working with you.

This Agreement signed by Attorneys in Houston, Harris County, Texas, on _____, 2021.

**SHELLIST | LAZARZ | SLOBIN** LLP
a Texas Professional Corporation,
the sole General Partner

By: _____
       Todd Slobin

_____
**Client Initials**

Title: _PRESIDENT_

Address:_____

Phone No.:

Tax I.D. No.:

**Client Initials**

# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| Oscar H. Zubia, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action 5:23-cv-00239-H |
| | § | |
| TexStar Oilfield Services LLC, | § | |
| | § | |
| *Defendant.* | § | |

## DECLARATION OF FERNANDO M. BUSTOS

My name is Fernando M. Bustos. I am over the age of 21 and in all ways competent to make the below declaration. The sworn statements below are true and correct of my own personal knowledge:

### I.    BIOGRAPHICAL INFORMATION

1.    "I am an attorney licensed to practice law in the State of Texas. I earned my law degree from Texas Tech University School of Law and was admitted to the Bar of the State of Texas in 1997. I have never been subject to discipline.

2.    I served as briefing attorney to Honorable Sam R. Cummings, U.S. District Court Judge for the Northern District of Texas, Lubbock Division. I am the former chairman of the Court Advisory Committee for the U.S. District Court, Northern District of Texas. I have taught Civil Rights Law and Interviewing, Counseling & Negotiation as an adjunct professor at Texas Tech University School of Law.

3.    Additional biographical information about me and my case results is available at my website: https://www.bustoslawfirm.com/attorneys/fernando-m-bustos/

4. I office in Lubbock, Texas, and frequently practice in the vicinity. I am familiar with market rates charged by myself and competitor firms in the area. I have represented litigants in many employment matters, including FLSA cases.

## II. FAMILIARITY WITH PLAINTIFF'S COUNSEL, MELINDA ARBUCKLE

5. I am familiar with Plaintiff's counsel in the above-captioned case, Melinda Arbuckle. I worked with her as opposing counsel in a case styled *James Oldham v. Nova Mud, Inc.*, which was initially filed in federal court in New Mexico, and eventually proceeded through arbitration. I am familiar with her work product, her capacity as a lawyer, and her professionalism.

6. I am also aware of her tenure in the profession, being licensed in Texas for approximately fourteen years and in California for approximately ten years. I am familiar with her nationwide practice and her admissions in many federal district and appellate courts. I am aware of the result of this lawsuit, an uncontested summary judgment victory, and with the type of work that would be necessary to achieve such a result.

7. I know that, in connection with Ms. Arbuckle's most recent fee petition filed in Galveston several years ago, Magistrate Judge Andrew Edison approved an hourly rate for her work of $400.00 per hour.

## III. APPROPRIATE HOURLY RATE BASED ON THE MARKET

8. As previously stated, I am familiar with the billing rates charged in the market, and I believe that a fair hourly rate for this type of work in the market would be $400.00 per hour for someone of Ms. Arbuckle's skill and tenure. FLSA cases in the area are rare and it is common that lawyers working in more populous communities will prosecute cases in the vicinity. While Ms. Arbuckle's time for work completed in Dallas might be reasonably billed at the rate of $450.00 to $500.00, a rate of $400.00 is reasonable and appropriate for this community.

9.    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct."

EXECUTED ON ___May 14___, 2025 in the CITY of Lubbock in the STATE of Texas.

_____
FERNANDO M. BUSTOS

# EXHIBIT 3

MA Lodestar - Zubia v. Texstar

| Date | Time | Description |
|---|---|---|
| 10/10/23 | 3 | Draft Complaint |
| 10/11/23 | 0.3 | Rev Instrs re New Case (notice of MJ) |
| 10/11/23 | 0.2 | Rev Cert of Interested Persons |
| 10/25/23 | 0.1 | Rev Req for Summons |
| 10/26/23 | 0.1 | Rev Summons Issued |
| 11/21/23 | 0.2 | Rev Returned Summons |
| 01/03/24 | 0.3 | Call with Opposing Counsel re Req for Ext to Answer |
| 01/12/24 | 0.2 | Rev Mot to Ext Ans DL and Order Granting |
| 01/24/24 | 0.2 | Var Em with Opposing Counsel re Conf on Mot to Withdraw |
| 01/24/24 | 0.1 | Rev Def's Mot to Withdraw |
| 01/26/24 | 0.1 | Rev Order Referring Def's Mot to Withdraw |
| 01/31/24 | 0.1 | Rev Order Granting Def's Mot to Withdraw |
| 02/12/24 | 0.4 | Rev Answer |
| 02/12/24 | 0.1 | Rev Def's Cert of Interested Persons |
| 02/13/24 | 0.2 | Rev Order for Scheduling Conf, instructions to staff re calendaring |
| 02/14/24 | 1.5 | Work on 26f Report, email to OC |
| 02/16/24 | 0.2 | Follow Up em with OC re 26f Report |
| 02/21/24 | 0.2 | Var Em with Opposing Counsel re 26f Report |
| 03/06/24 | 0.3 | Rev OC edits to 26f Report |
| 03/06/24 | 0.1 | Rev filed 26f Report |
| 03/11/24 | 0.2 | Rev Scheduling Order, instructions to staff re calendaring |
| 03/19/24 | 0.1 | Em with OC re settlement |
| 03/21/24 | 0.5 | Rev Def Production |
| 04/05/24 | 0.2 | Em with OC re additional production |
| 04/23/24 | 1.2 | Damages Analysis |
| 04/23/24 | 0.5 | Client call re Damages |
| 04/23/24 | 0.2 | Var em with OC re additional produciton |
| 04/23/24 | 0.8 | Work on Demand Ltr, Send to OC |
| 05/13/24 | 0.2 | Var em with co-counsel re next steps |
| 05/14/24 | 2.8 | Draft Written Discovery Requests |
| 06/17/24 | 0.2 | Draft Notice of Intention Not to Proceed with Motion for Notice Under Swales |
| 06/24/24 | 0.1 | Rev Order for Scheduling Conf, instructions to staff re calendaring |
| 07/26/24 | 0.8 | Work on Joint Status Report |
| 07/26/24 | 0.1 | Review Joint Status Report Filing |
| 07/30/24 | 0.2 | Rev Scheduling Order, instructions to staff re calendaring |
| 08/12/24 | 1 | Work on Mot to Compel |
| 08/12/24 | 0.1 | Forward Mot to Compel to Opp Counsel re Meet and Confer |
| 08/16/24 | 0.5 | Rev Def's Disco Rsps |
| 08/20/24 | 0.2 | Var em with OC re discovery |
| 08/21/24 | 0.5 | Prep and attend Conf call with OC re discovery, settlement |
| 08/23/24 | 0.1 | Rev Order re Local Counsel |
| 08/27/24 | 0.1 | Rev Def's Mot to Proceed without Local Counsel |

| | | |
|---|---|---|
| 08/28/24 | 0.1 | Rev Order re Mot to Proceed without Local Counsel |
| 09/16/24 | 0.3 | Draft Designation of Expert Witnesses, Rev Filing |
| 10/01/24 | 0.1 | Rev Mot to Withdraw as Attorney by Def Counsel |
| 10/02/24 | 0.1 | Rev Order Denying Mot to Withdraw as Attorney |
| 10/10/24 | 0.1 | Rev Am Mot to Withdraw as attorney |
| 10/15/24 | 0.1 | Rev Order re Status Conference |
| 10/21/24 | 1.5 | Prep and Attend Status Conference |
| 10/21/24 | 0.1 | Rev Minute Entry re Status Conference |
| 10/22/24 | 0.1 | Rev Order Referring case to Mediation |
| 10/22/24 | 0.1 | Em with OC re calling chambers to set mediation |
| 10/22/24 | 0.2 | Call with chambers re mediation |
| 10/22/24 | 0.1 | Rev Order for Proposed Mediation Dates |
| 10/22/24 | 0.1 | Addl Em with OC re setting mediation |
| 10/22/24 | 0.1 | Rev Em from chambers setting mediation, instr to staff |
| 10/23/24 | 0.1 | Rev Order Setting Mediation |
| 11/15/24 | 0.1 | Re-send Demand Ltr in accordance with mediation order |
| 11/25/24 | 3.1 | Prep and Attend Mediation |
| 01/14/25 | 6.5 | Work on Mot for Summary J |
| 01/14/25 | 1 | Work with Clt on Decl re Mot for Summary J |
| 01/17/25 | 1 | Work on App and Exhibits re Mot for Summary J |
| 01/17/25 | 0.1 | Rev Mot for Summary J Filings |
| 03/24/35 | 0.1 | Rev Order for Jury Trial |
| 04/24/25 | 0.1 | Rev Order re Deficiency |
| 04/28/25 | 0.7 | Rev Record, Draft Corr re Deficiency |
| 04/28/25 | 0.1 | Rev Filing re Deficiency |
| 05/13/25 | 0.9 | Review Court Order Granting Summary Judgment (ECF No. 40) |
| 06/20/25 | 0.1 | Rev Order re Mot for Atty Fees, instructions to staff re calendaring |
| 06/23/25 | 2 | Work on Mot for Atty Fees, conf with OC |
| | 37.5 | $15,000.00 |